CABASSA, DEMANDANTE Y APELADO, *v.* REYES, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre desahucio.

No. 1955.—Resuelto en mayo 5, 1919.

ALEGACIONES—EXCEPCIÓN DE AMBIGÜEDAD—DESAHUCIO.—No existe ambigüedad en una demanda de desahucio en la que el demandante alega ser dueño de la finca que describió y que en ella está radicada la casa ocupada precariamente por la demandada.

ID.—EXCEPCIÓN PREVIA GENERAL—DESAHUCIO—DESCRIPCIÓN SUFICIENTE.—Es improcedente la excepción previa general por falta de hechos determinantes de causa de acción interpuesta contra una demanda de desahucio en la que, si bien no se describe la casa cuyo desalojo se solicita, sin embargo se hace la descripción de la finca en la cual se halla ubicada con cuyos datos puede el oficial ejecutivo de la corte cumplir la sentencia condenatoria que se dicte.

ALEGACIONES—SUBSANACIÓN SUBSIGUIENTE (AIDER) DE LAS MISMAS—DEFICIENCIAS DE UNA DEMANDA—DESAHUCIO.—Cualesquiera defectos de que adolezca una demanda, como cuando la finca objeto del pleito no se describe convenientemente, quedan subsanados por la contestación si ésta suple las deficiencias de la alegación del demandante.

ID.—EVIDENCIA—TÍTULO DE LA FINCA—PRUEBA SUFICIENTE—CERTIFICACIÓN NEGATIVA.—En una acción de desahucio le basta al demandante, para probar que es dueño de la finca en litigio, presentar su título inscrito en el registro; y no tiene necesidad de presentar ninguna certificación negativa del registrador en la que se exprese que del libro diario del registro no aparece asiento alguno de haberse presentado algún título transmitiendo la propiedad a otra persona.

EVIDENCIA—DESAHUCIO EN PRECARIO—PRUEBA SUFICIENTE.—Es prueba suficiente para decretar el desahucio en precario cuando el demandante no sólo presentó su título de propiedad sobre la finca inscrito en el registro, sino que probó, además, que el demandante había construído con dinero y materiales suyos la casa que por condescendencia de éste y que sin pagar canon o merced alguna ocupa y detenta el demandado.

EVIDENCIA—DESAHUCIO—PRUEBA CONTRADICTORIA.—La prueba contradictoria en cuanto a los términos en que el demandado vivía la casa en litigio, habiendo sido resuelta en favor del demandante, la Corte Suprema no irá contra el fallo de la corte inferior a menos que se justifique que su decisión fué errónea.

COSTAS Y HONORARIOS DE ABOGADO—PROCEDIMIENTOS ESPECIALES—DESAHUCIO.— De acuerdo con el artículo 327 del Código de Enjuiciamiento Civil según fué últimamente enmendado en 12 de abril de 1917, puesto que el desahucio es un procedimiento especial, la parte victoriosa tiene derecho a que se le abonen las costas y, asimismo, a discreción de la corte, los honorarios de abogado.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Herminia Tormes* y *Leopoldo Tormes.*

Abogado del apelado: *José Tous Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Las alegaciones de la demanda de desahucio en este caso presentada en la Corte de Distrito de Mayagüez son que el demandante Jacobo L. Cabassa es dueño de cierta finca rústica cuya descripción hace y que la demandada Carmen Reyes posee precariamente, sin pagar canon ni merced alguna, por mera tolerancia del demandante, una casa habitación ubicada en dicha finca; siendo la súplica que se ordene el desalojo de la demandada.

La sentencia recaída en el juicio fué condenatoria y en apoyo de su recurso contra ella la parte apelante alega que la corte inferior erró al desestimar su excepción opuesta a la demanda fundada en la ambigüedad de ésta y en no aducir hechos suficientes determinantes de causa de acción.

Entiende la parte apelante que es ambigua la demanda porque con sus alegaciones no es posible entender si la falta de pago es de la posesión de la casa ocupada por ella o de la parte de finca ocupada por la edificación; y, además, porque la súplica no expresa qué es lo que debe desalojar la apelante.

No existe tal ambigüedad porque alegando el demandante ser dueño de la finca que describió y que en ella está radicada la casa ocupada por la demandada, según la presunción establecida por el artículo 368 del Código Civil el demandante es dueño también de la casa radicada en ella ocupada por la apelante y, por tanto, la ocupación precaria se refiere tanto a la casa como al terreno en que está enclavada, propiedad todo del demandante.

Tampoco vemos ambigüedad alguna por la forma de la súplica de la demanda porque aunque se limita a pedir el desalojo de la demandada, necesariamente se refiere al de la casa mencionada en ella.

La excepción por falta de hechos determinantes de causa de acción también era improcedente porque aunque la de-

manda no describe la casa cuyo desalojo se solicita, sin embargo hace la descripción de la finca en la cual se halla ubicada con cuyos datos puede el oficial ejecutivo de la corte cumplir la sentencia condenatoria que se dicte.

Si algún defecto existía en la demanda por ese motivo quedó subsanado por la contestación de la demandada en la que se describe la casa objeto del pleito.

Para probar el demandante su título presentó en el juicio una certificación del Secretario de la Corte de Distrito de Mayagüez creditiva de la adjudicación que se le hizo por la Corte de Distrito de Mayagüez en 1914 de la finca objeto de este pleito en el procedimiento sobre división de comunidad con la constancia de haber sido inscrita en el Registro de la Propiedad.

Con referencia a ese documento sostiene ahora por primera vez la apelante que fué error de la corte admitirlo como prueba porque la mejor prueba de la propiedad del demandante era una certificación del registro de la propiedad donde se expresara que del libro diario de esa oficina no aparecía asiento alguno de haberse presentado algún título trasmitiendo la propiedad a otra persona.

No era necesario presentar esa certificación. La prueba de la propiedad del demandante es su título inscrito.

El cuarto motivo del recurso se funda en que la corte inferior cometió error al negar la moción de la apelante demandada para que desestimara la demanda por no haber sido presentada prueba que la sostuviera, pero no existe tal error porque el demandante no sólo presentó su título de propiedad de la finca en que se halla enclavada la casa objeto del desahucio sino que además declaró el demandante que había construído dicha casa con dinero y materiales suyos y que si la habitaba la demandada era por condescendencia suya sin tiempo determinado y sin pagar canon o merced alguno, quedando así justificadas las alegaciones esenciales de la demanda.

Se alega también por la recurrente que la corte inferior

cometió error manifiesto en la apreciación de las pruebas y al declarar con lugar la demanda, así como que obró con pasión, prejuicio y manifiesto error al condenar a la apelante al pago de las costas, gastos, desembolsos y honorarios de abogado.

Para justificar la demandada su defensa de que la casa fué construída por el demandante para que ella la ocupase mientras se hacía la partición de los bienes de Don Leopoldo Cabassa fallecido en 3 de septiembre de 1917, por ser ella legataria suya por cantidad de cuatro mil dólares y por haber quedado encinta de él como consecuencia de sus relaciones en concubinato, presentó prueba testifical.

La prueba en este extremo está en conflicto con la del demandante según lo hemos consignado antes, quien además declaró que la razón que tuvo para permitir a la demandada que habitara dicha casa fué la de que era hija de su mayordomo.

La demandada no alega ni presenta prueba de título de propiedad; y en cuanto a los términos en que vivía la casa, el juez que presenció el juicio resolvió el conflicto de la evidencia en este particular a favor del demandante y no tenemos ante nosotros nada que nos justifique en declarar que su decisión fué errónea.

En cuanto a las costas se hace consistir la pasión, prejuicio y manifiesto error del juez en que habiéndose limitado el demandante a solicitar el desalojo, guardando silencio respecto a costas, sin embargo el juez sentenciador las impuso a la apelante con más los desembolsos, gastos y honorarios de abogado.

Como el artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado últimamente en 12 de abril de 1917, dispone que las partes en pleitos o procedimientos tendrán derecho a las costas y desembolsos con sujeción a las reglas que luego establece; y como el No. 4°. del artículo 328 del mismo declara que desde luego se concederán las costas al demandante en un procedimiento especial, carácter que tiene

el juicio de desahucio, no cometió error alguno al condenar a la demandada apelante al pago de las costas, desembolsos del pleito y honorarios de abogado porque, de acuerdo con dicho artículo 327 enmendado, cuando se conceden costas a una parte en una acción o procedimiento en una corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida una cantidad que represente el valor de los servicios de su abogado, o una parte de dicha cantidad, concesión que hará el juez teniendo en cuenta el grado de culpabilidad de la parte contra quien se dictare la sentencia; honorarios que no se impondrán al demandado que no hubiere radicado su comparecencia.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.